RODRIGUEZ v GENERAL MOTORS CORPORATION (ON REMAND)

Docket No. 157661. Submitted February 15, 1994, at Lansing. Decided April 5, 1994, at 9:35 A.M. Leave to appeal sought.

Jose L. Rodriguez sought workers' compensation benefits, claiming that he had become disabled while in the course of his employment with General Motors Corporation. A hearing referee found that the plaintiff was totally disabled and entered an open award of benefits. General Motors appealed, and the Workers' Compensation Appeal Board affirmed. General Motors appealed, and the Court of Appeals, after initially denying the application for leave to appeal, on rehearing peremptorily vacated the order of the appeal board and remanded to the appeal board for reconsideration of the propriety of an open award. After entry by the Court of Appeals of the order of remand, General Motors ceased paying benefits to the plaintiff. Unpublished order of the Court of Appeals, decided February 25, 1991 (Docket No. 132241). The appeal board, on the plaintiff's motion, dismissed the appeal on the basis of the failure of General Motors to continue to pay benefits during the pendency of the matter on remand. The Court of Appeals denied General Motors leave to appeal. The Supreme Court, in lieu of granting leave, remanded to the Court of Appeals for consideration as on leave granted. 441 Mich 860 (1992).

On remand, the Court of Appeals *held:*

1. Although vacation on appeal of a referee's award of benefits relieves an employer of the obligation to continue to pay benefits pursuant to MCL 418.862(1); MSA 17.237(862)(1), the vacation by the Court of Appeals of the order of the appeal board affirming the referee's award, when coupled with the order of remand for reconsideration, did not extinguish the employer's obligation to continue to pay benefits pursuant to § 862(1), because under the circumstances the order of the Court of Appeals did not have the effect of vacating the referee's award.

2. The decision whether to dismiss an appeal because of an employer's failure to comply with the mandate of § 862(1) is addressed to the discretion of the appeal board. Under the circumstances in this case, where the Court of Appeals re-

manded to the appeal board for determination of a specific question, it was an abuse of discretion for the appeal board to dismiss the matter without addressing the merits of the question presented to it by the Court of Appeals.

Reversed and remanded.

*Freid, Gallagher, Taylor & Associates P.C.* (by *Edward J. Gallagher, II*), for the plaintiff.

*Braun Kendrick Finkbeiner* (by *Bruce L. Dalrymple* and *Scott C. Strattard*), for the defendant.

ON REMAND

Before: WEAVER, P.J., and JANSEN and E. SOSNICK,* JJ.

PER CURIAM. Plaintiff filed a petition for workers' compensation benefits on April 3, 1981. In a decision mailed May 24, 1984, a hearing referee found plaintiff to be totally disabled as a result of a work-related injury and entered an open award of benefits. Defendant appealed, and, in a decision and order dated July 27, 1990, the Workers' Compensation Appeal Board affirmed.

Defendant applied for leave to appeal, arguing that the WCAB erred in awarding benefits for an open period where competent evidence on the record supported, at most, an award for a closed period. The application was denied. However, on February 25, 1991, this Court granted defendant's motion for rehearing and peremptorily vacated the July 27, 1990, order of the WCAB and remanded for further consideration of the propriety of an open award.

Section 862(1) of the Workers' Disability Compensation Act, MCL 418.862(1); MSA 17.237(862)

---

* Circuit judge, sitting on the Court of Appeals by assignment.

(1), provides that the filing of a claim of review with the WCAB does not operate to stay payment of seventy percent of the weekly benefits required by the referee's award. Although defendant made seventy percent payments during the pendency of the appeal to the WCAB, after this Court vacated the WCAB's order and remanded for further proceedings defendant took the position that it was no longer obligated to pay seventy percent of the benefits ordered by the referee in 1984.

Plaintiff filed a motion to dismiss the appeal for failure to pay seventy percent benefits. In a two-to-one decision dated June 27, 1991, the WCAB majority granted plaintiff's motion and dismissed the appeal. The majority found it unnecessary to reach the substantive issue on remand. The dissenting board member would have found that plaintiff was only entitled to a closed award of benefits and that defendant was not obligated to resume seventy percent payments after remand from this Court.

After defendant's application for leave to appeal was denied by this Court, defendant applied for leave to appeal to the Supreme Court. In lieu of granting the application, the Supreme Court remanded to this Court for consideration as on leave granted. 441 Mich 860 (1992). We now reverse and remand.

In *McAvoy v H B Sherman Co,* 401 Mich 419, 444-445; 258 NW2d 414 (1977), the Supreme Court rejected the defendants' argument that the seventy percent benefits provision was fundamentally unfair and deprived them of property without due process, in part for the following reasons:

> Furthermore, we do not agree with the construction that the interim 70% payments continue even though the hearing referee's award is overturned at some juncture during the appellate process. The

statute specifically provides that "[p]ayment shall commence as of the date of the hearing referee's award and shall continue *until final determination of the appeal . . . .*" (Emphasis added.)

It would yield an absurd result to construe the phrase "until final determination of the appeal" as "until completion of the entire appellate process." See *In re Petition of State Highway Commission,* 383 Mich 709; 178 NW2d 923 (1970). The entire appellate process could conceivably include appeals either by the claimant or by the employer or carrier to the Worker's Compensation Appeal Board, Court of Appeals and Supreme Court. The logical consequence of the statute's wording indicates that a claimant is entitled to 70% benefits awarded by a hearing referee until such time as the hearing referee's award is reduced or rescinded upon an appeal. If the hearing referee's award, the prerequisite for putting the entire legislative schema in motion, is vacated at any appellate stage, the 70% benefits are terminated. If at any point on appeal the benefits are reduced, the 70% no-stay provision applies only to the new award (provided, of course, another appeal is taken).

Likewise, if a hearing referee's award which was vacated or modified at a lower appellate level is reinstated at a higher appellate level, the 70% benefits resume. This interpretation is consistent with the Legislature's intent as we read the statute. The hearing referee's initial award is the catalyst which initiates the 70% benefits. During the various appellate steps, it is that initial hearing referee's award and its eventual disposition which governs when 70% benefits are to be paid or not paid, until the appellate process is completed.

Defendant argues that under *McAvoy* its obligation to pay seventy percent benefits ceased when this Court vacated the WCAB's order and remanded for further consideration. Defendant's application of *McAvoy* is clearly wrong. In *McAvoy,* the Su-

preme Court held that the Legislature intended the payment of seventy percent benefits to be conditioned on the status of the referee's award. If the referee's award, which *McAvoy* characterized as the "catalyst" for the payment of seventy percent benefits, is vacated or modified at any stage, then an employer's obligation to pay seventy percent benefits is extinguished or modified accordingly. In the instant case, however, the WCAB did not vacate or modify the referee's award, but rather affirmed it. When this Court vacated the WCAB's order and remanded the matter for further consideration, it thereby did not modify or vacate the underlying referee's award. We hold that at all times since the referee's award was entered defendant was obligated to pay seventy percent benefits.

Defendant argues in the alternative that even if it was obligated to pay seventy percent benefits, it was harsh and unjust for the WCAB to dismiss the appeal instead of ordering the resumption of benefits. This Court has held that the WCAB is not required to dismiss an appeal where there is substantial compliance with the seventy percent rule and good cause can be shown for partial noncompliance, or where payment of benefits was inadvertently terminated. The decision whether to dismiss is consigned to the discretion of the WCAB. *Morin v Dep't of Social Services,* 134 Mich App 834, 839; 352 NW2d 325 (1984). In the instant case, defendant did not inadvertently terminate payment of seventy percent benefits, but rather voluntarily chose to do so on the basis of its understanding of the statute. Moreover, defendant did not have good cause for its failure to comply. Section 862(1) provides that if weekly benefits are reduced or rescinded on appeal, the benefits paid pending appeal shall be reimbursed by the Second Injury Fund. Defendant argues that because the Second

Injury Fund agreed with defendant that it was not obligated to make seventy percent benefit payments after this Court vacated the WCAB's order, defendant reasonably believed that it was compelled to terminate benefits or risk rejection of any claim for reimbursement. Defendant does not explain, however, why the Second Injury Fund's interpretation of the statute should be given special weight. If defendant had ultimately prevailed on appeal and the Second Injury Fund refused to reimburse a portion of the benefits paid, defendant could have obtained relief through the Bureau of Workers' Disability Compensation or the courts.

Nevertheless, under the unique facts of this case we hold that the WCAB abused its discretion when it dismissed defendant's appeal. When this Court granted defendant's motion for rehearing and peremptorily vacated the WCAB's July 27, 1990, order affirming the decision of the referee, this Court remanded to the WCAB with instructions to consider whether plaintiff was entitled to an open award of benefits, or instead to benefits for a closed period only. It is the duty of the lower court or tribunal, on remand, to comply strictly with the mandate of the appellate court. *People v Bellanca,* 43 Mich App 577, 579; 204 NW2d 547 (1972). The WCAB did not do so here. Under these circumstances we cannot sanction the WCAB's dismissal of the appeal, where the effect of that dismissal may be to require defendant to pay benefits to plaintiff indefinitely even though the award should have been closed years ago.

Therefore, we hold that the WCAB abused its discretion. We reverse the WCAB's dismissal of defendant's appeal and remand to the WCAB with instructions that it expedite consideration of the propriety of an open award and file a supplemental written opinion within 140 days of the clerk's

certification of the order in this case. Defendant shall continue to pay seventy percent benefits in accordance with the statute until findings are made concerning the propriety of an open award.

Reversed and remanded. We do not retain jurisdiction.