# STATE OF MICHIGAN

# COURT OF APPEALS

---

FARM BUREAU INSURANCE COMPANY,

      Plaintiff-Appellee,

v

EUCHERIA CHUKWUEKE and ALLSTATE
INSURANCE COMPANY,

      Defendants-Appellants.

UNPUBLISHED
June 16, 2015

No. 320600
Wayne Circuit Court
LC No. 10-009501-NF

---

Before: JANSEN, P.J., and SAWYER and FORT HOOD, JJ.

PER CURIAM.

Allstate Insurance Company (defendant) appeals the circuit court's order denying defendant's motion for summary disposition and granting judgment in favor of plaintiff in this civil dispute based on the trial court's interpretation of this Court's instructions on remand. We affirm.

On September 1, 2007, Merrill Hall suffered personal injuries as a result of a motor vehicle/pedestrian accident. The motor vehicle that struck Hall was owned and registered to Eucheria Chukwueke. At the time of the accident, Chukwueke's vehicle was insured under a no-fault insurance policy issued by defendant. Hall filed an application with the Michigan Assigned Claims Facility for personal protection insurance benefits, and Hall's claim was assigned to plaintiff. Upon receipt of the assignment, plaintiff began administering Hall's claim for benefits, paying allowable expenses in accordance with the No-Fault Act.

Plaintiff later determined that defendant was a priority insurer and filed a complaint seeking judgment against defendant in the amount of plaintiff's no-fault benefit payments paid to or on behalf of Hall plus loss adjustment costs, pursuant to MCL 500.3177. Defendant subsequently moved for summary disposition, which was denied by the trial court. Plaintiff next moved for summary disposition, and the trial court granted the motion. Defendant appealed from the trial court's order granting summary disposition in favor of plaintiff, and on January 17, 2013, this Court issued an unpublished per curiam opinion, which affirmed in part and reversed in part the ruling of the trial court and remanded the matter for further proceedings.

On remand, plaintiff filed a motion for entry of judgment, and defendant filed a motion for summary disposition. The main issue on remand was which payments plaintiff was entitled to reimbursement for, pursuant to this Court's opinion and instructions on remand. The payments in question are as follows:

-1-

| Date Paid | Medical Provider | Amount |
|---|---|---|
| August 21, 2009 | Howard Dubin, D.O. | $58.23 |
| August 21, 2009 | Howard Dubin, D.O. | $58.23 |
| November 11, 2010 | Bloomfield Hills Head Injury | $9,750.00 |
| November 11, 2010 | Orthopedic Trauma Specialists | $862.72 |
| December 6, 2010 | Rite Away Transportation, LLC | $1,680.00 |
| December 6, 2010 | Bloomfield Hills Head Injury | $12,850.00 |
| January 1, 2011 | People Pharmacy, LLC | $72.00 |

The trial court interpreted this Court's opinion and instructions on remand to mean that plaintiff is entitled to reimbursement for all the benefits that were paid to any provider who received payment from plaintiff for Hall's injuries after August 18, 2009, including all payments made after the filing of the complaint until the trial court made its determination. Based on this interpretation, the trial court denied defendant's motion for summary disposition and granted plaintiff's motion for entry of judgment. This appeal followed.

Defendant argues that the trial court failed to comply with this Court's instructions on remand because the instructions required the trial court to determine whether plaintiff filed its complaint within one year after the date of the last payment to each individual claimant; therefore, defendant argues, the opinion and remand instructions state that plaintiff is only entitled to reimbursement of the payments made to Howard L. Dubin, D.O., because those were the only payments made within a year before the complaint was filed on August 18, 2010. We disagree. The trial court's denial of summary disposition is reviewed de novo by this Court to determine whether the prevailing party was entitled to judgment as a matter of law. *Borman v State Farm Fire & Casualty Co*, 198 Mich App 675, 678; 499 NW2d 414 (1993). In addition, this Court reviews de novo issues involving whether a trial court followed this Court's ruling on remand. *Augustine v Allstate Ins Co*, 292 Mich App 408, 424; 807 NW2d 77 (2011). Generally, this Court's ruling on an issue will bind a trial court on remand. *Schumacher v Dep't of Natural Resources*, 275 Mich App 121, 127; 737 NW2d 782 (2007). "It is the duty of the lower court . . ., on remand, to comply strictly with the mandate of the appellate court." *Rodriguez v Gen Motors Corp (On Remand)*, 204 Mich App 509, 514; 516 NW2d 105 (1994).

This issue stems from this Court's construction of MCL 500.3175(3), which states in relevant part: "An action to enforce rights to indemnity or reimbursement against a third party shall not be commenced after . . . 1 year after the date of the last payment to the claimant." In construing the statute, this Court held that the Legislature's use of "the claimant" instead of "a claimant" indicates that each claimant must be considered individually in order to determine whether a complaint is timely under MCL 500.3175(3). *Farm Bureau Ins Co v Chukwueke*, unpublished opinion per curiam of the Court of Appeals, issued January 17, 2013 (Docket No. 306827), p 4. Accordingly, this Court stated that "an action may not be commenced more than one year after the date of the last payment to the individual claimant with respect to which indemnity and reimbursement is sought." *Id*.

After making this determination, this Court found that it was unclear whether plaintiff's claims were timely in regards to each individual claimant and remanded the case back to the trial court for determination. Specifically, the opinion of this Court states in relevant part:

Because it is unclear from the record whether plaintiff filed its complaint within one year after the date of the last payment made to each individual claimant, we remand this case to the trial court for a determination regarding that issue. Defendant concedes that plaintiff made four payments to medical providers after August 18, 2009, one year before plaintiff filed its complaint. Those payments totaled $10,729.18 and were paid to Howard L. Dubin, D.O., Bloomfield Hills Head Injury, and Orthopedic Trauma Specialists. **The record reflects, however, that after plaintiff filed its complaint, it continued to make payments to medical providers on behalf of Hall. Because the date of the last payment to each individual claimant is unclear, we remand this case to the trial court to determine whether plaintiff's claim for reimbursement is timely with respect to each claimant regarding which reimbursement is sought.** [*Id.* (emphasis supplied).]

The opinion states that this Court's reason for remand was that it was unclear from the record whether plaintiff filed its complaint within one year after the date of the last payment to each individual claimant. However, it is clear that this Court had the dates and amounts of the payments plaintiff made to Howard L. Dubin, D.O., so it would have been clear from the record whether plaintiff filed its complaint within one year after the date of the last payment to Howard L. Dubin, D.O. What was unclear on the record, as this Court noted in its opinion, was the timeliness in regards to payments plaintiff made to other claimants after filing its complaint. And for this reason, this Court remanded the case to the trial court to determine whether plaintiff's claim for reimbursement was timely with respect to each claimant.

Further, plaintiff was required to continue making payments after filing its complaint and up until a determination was made that defendant is the priority insurer. In *Spencer v Citizens Ins Co*, 239 Mich App 291, 305; 608 NW2d 113 (2000), this Court concluded that just because an insurer assigned to a claim determines that a higher priority insurer exists, the assigned-claim insurer is not permitted to simply refuse to pay the assigned-claim insured party further benefits. "This statutory language plainly demands that the assigned-claim insurer *must* promptly reimburse the assigned-claim insured for any losses, while providing for the assigned-claim insurer the right and the duty to seek reimbursement from and enter settlements with any appropriate third parties, which category would include subsequently identified higher priority insurers." *Id.* at 306 (emphasis supplied). So an assigned-claim insurer, such as plaintiff, is never completely relieved of its responsibility to pay benefits, despite filing a claim for reimbursement against a higher priority insurer, such as defendant. Therefore, plaintiff had an obligation to continue making payments on Hall's behalf until the trial court made a determination, and plaintiff has the right to reimbursement for those payments. In short, the last payment to these claimants was not made more than one year prior to the filing of the complaint.

Affirmed. Plaintiff may tax costs.

/s/ Kathleen Jansen
/s/ David H. Sawyer
/s/ Karen M. Fort Hood