# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
March 20, 2018

Plaintiff-Appellee,

v

No. 335812
Wayne Circuit Court
LC No. 14-007714-01-FC

ANTONIO DEWAYNE HOLLINGSWORTH,

Defendant-Appellant.

Before: GLEICHER, P.J., and BOONSTRA and TUKEL, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] the trial court's order denying his post-conviction motion to retain an expert witness and for resentencing. Because the trial court failed to follow this Court's previous order to follow the trial court's own earlier order requiring resentencing, we vacate defendant's sentence and remand for resentencing. We affirm the trial court's order denying leave to retain an expert.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

This is defendant's second appeal in this matter. In an unpublished opinion,[2] this Court affirmed defendant's conviction but remanded the matter to the trial court to address a sentencing issue. The case now returns to us following the proceedings on remand.

Defendant robbed a convenience store on April 12, 2009.[3] Following a bench trial in 2015, defendant was convicted of armed robbery, MCL 750.529, and sentenced to serve 12 to 20 years in prison. In a post-judgment motion for a new trial, defendant asserted that the

---

[1] See *People v Hollingsworth*, unpublished order of the Court of Appeals entered January 4, 2017 (Docket No. 335812).

[2] *People v Hollingsworth*, unpublished per curiam opinion of the Court of Appeals, issued July 19, 2016 (Docket No. 326409)

[3] A more complete recitation of the facts surrounding defendant's conviction may be found in this Court's earlier opinion in this matter.

presentence investigation report (PSIR) contained an inaccuracy regarding defendant's juvenile adjudications. Specifically, defendant argued that he was not the person who had committed the offenses listed as items 1 and 2 on the PSIR. The court denied the motion for a new trial, but ordered the Michigan Department of Corrections (MDOC) to investigate the alleged inaccuracy and to determine whether defendant's prior record variables (PRV) under the sentencing guidelines would be different if any inaccuracy was corrected.[4]

In defendant's initial appeal of his convictions and sentence, this Court noted that the MDOC had not conducted its investigation as ordered by the trial court.[5] This Court therefore affirmed defendant's conviction but remanded the case to the trial court to enforce its own order regarding the sentencing issue.[6] *Id.*

On remand, the trial court held a hearing to address the PRV issue as well as defendant's post-remand motion to retain an expert witness. According to the prosecution, the MDOC concluded from its investigation that the juvenile offenses in question should not have been counted in scoring PRV 3, because defendant was in a diversion program for those offenses and they would not be considered adjudications if defendant had completed the diversion programs. Because the prosecution could not determine whether defendant had done so, it stated that it would give defendant the benefit of the doubt and ask that defendant's score for PRV 3 be reduced to zero points.

However, in further reviewing defendant's case, the MDOC determined that defendant's PRV 7[7] score should have been 20 points rather than zero. Therefore, the prosecution argued that the trial court should assess 20 points for PRV 7, leaving defendant's recommended minimum sentence range at the original 81 to 135 months.

The trial court declined to resentence defendant, stating:

---

[4] The trial court further ordered that "[i]f both items 1 or 2 are incorrect, the MDOC shall also prepare an updated report and defendant shall be resentenced."

[5] *Hollingsworth*, unpub op at 8.

[6] This Court stated as follows:

> "The sentencing court must respond to challenges to the accuracy of information in a presentence report; however, the court has wide latitude in responding to these challenges." *People v Spanke*, 254 Mich App 642, 648; 658 NW2d 504 (2003). All agree that the trial court's order properly addresses defendant's claim. However, it does not appear that the department has completed its investigation. Thus, with regard to defendant's claim that his PSIR is inaccurate, we remand the matter to the trial court with direction that it follow the order it previously entered addressing this issue. [*Id.*]

[7] PRV 7 relates to subsequent or concurrent felony convictions, and is unrelated to the alleged inaccuracy that the trial court had ordered MDOC to investigate. MCL 777.57.

I think the sentence guidelines really don't change after the Department of Corrections did what they were ordered to do. After the department of corrections has gone back and gone back over the guidelines and rescored them, this is what we [are] now faced with, and so as the result, even though the guidelines [are] not binding, they were corrected, so I don't see any need for resentencing. I think the sentence, even notwithstanding the guidelines, he would receive the same sentence. So the motion for resentencing and for the appointment and an expert are denied.

Regarding the motion to retain an expert witness, defendant argued that the time he had already served in prison was so difficult that he was "scared straight" and should be resentenced; defendant wished to present an expert witness who would testify about this. The trial court denied the motion, stating "I don't see how someone could sentence someone based on what has happened to them in prison, otherwise, we'd have people back in here every case after they've served some time in prison saying that, well, prison has affected me negatively so I should be resentenced based on some expert."

We then granted defendant's application for leave to appeal. *People v Hollingsworth*, unpublished order of the Court of Appeals entered January 4, 2017 (Docket No. 335812).

## II. RESENTENCING

Defendant argues that trial court should not have considered the information related to PRV 7 at the post-remand hearing and instead should merely have followed its own order and resentenced defendant without the errant scoring of PRV 3. In his Standard 4 brief[8] defendant further argues that resentencing is required because the trial court should have followed its earlier order requiring resentencing under the circumstances presented. Defendant also argues that the 144-month minimum sentence originally imposed by the trial court (which remained in effect when the trial court denied resentencing following our remand) was disproportionate.

The prosecution concedes that resentencing is required in order for the trial court to comply with its own order indicating that defendant would be resentenced if PRV 3 was inaccurately scored. It further agrees that PRV 7 was prematurely considered at the post-remand hearing. It argues that defendant's proportionality challenge is outside the scope of our earlier remand.

We review challenges to discretionary sentencing decisions for an abuse of discretion. *People v Norfleet*, 317 Mich App 649, 662; 897 NW2d 195 (2016). We agree that resentencing is required by the trial court's order and our remand order.

This Court possesses the power to remand cases to the lower court with direction on how to proceed. See MCR 7.211, 7.216. "It is the duty of the lower court or tribunal, on remand, to

_____

[8] A pro se supplemental appellate brief filed by a criminal defendant pursuant to Supreme Court Administrative Order No. 2004-6, Standard 4.

comply strictly with the mandate of the appellate court." *Rodriguez v Gen Motors Corp*, 204 Mich App 509, 514; 516 NW2d 105 (1994), citing *People v Beilanca*, 43 Mich App 577, 579; 204 NW2d 547 (1972). Here, this Court directed the trial court to "follow the order it previously entered addressing the issue."[9] The trial court's previous order directed MDOC to conduct an investigation into "the offense listed in items 1 and 2 of [defendant's] juvenile history on the current PSIR (the 1991 and 1992 breaking and entering convictions)" and, "if both items 1 or 2 [sic] are incorrect, the MDOC shall also prepare an updated report and defendant shall be resentenced. If only one of those items is incorrect . . . resentencing shall not be ordered because the PRV level (E) will remain the same." At the hearing after remand, the prosecution conceded that PRV 3 should be assessed zero points. At that point, the trial court should have ordered that defendant be resentenced, rather than hear the prosecution's argument related to PRV 7, which was outside the scope of our remand order and its own previous order. In effect, the trial court conducted an ad hoc resentencing hearing in which it assessed points to defendant on PRV 7 despite the hearing's stated purpose of determining whether resentencing would be required based on the propriety of the scoring of PRV 3. We conclude that the trial court did not strictly comply with our mandate on remand. *Rodriguez*, 204 Mich App at 514.

We additionally note that it is unclear from the record whether defendant was present at this hearing, although he was represented by counsel; but neither the transcript of the hearing nor the trial court's Register of Actions indicates that defendant was in attendance at the motion hearing. A defendant generally has the right to be present at his sentencing and to not be excluded from the sentencing process. *People v Pulley*, 411 Mich 523, 530; 309 NW2d 170 (1981). A sentencing court must afford a defendant, not merely defendant's attorney, "an opportunity to advise the court of any circumstances he believes the court should consider in imposing sentence." MCR 6.425(E)(1). Defendant's absence from a hearing in which he was in effect resentenced would also support our conclusion that remand is required, if only to assure "the appearance of fairness and reliability so essential to maintaining confidence in courts as instruments of justice." *Pulley*, 411 Mich at 530.

We therefore vacate defendant's sentence and remand for resentencing. We will briefly address defendant's remaining challenges with respect to their impact on resentencing.

III. PRV 7

Defendant argues that the trial court should not allow his PSIR to be updated to include new information regarding PRV 7. We disagree. Defendant frames this issue as a constitutional challenge, stating that his "Fifth and Fourteenth Amendment constitutional rights" were violated when "PRV 7 was added to his sentencing information report." Because defendant raises this issue as a constitutional challenge, we review the issue de novo. See *People v Biddles*, 316 Mich App 148, 168; 896 NW2d 461 (2016). "Issues involving the proper interpretation and application of the legislative sentencing guidelines, MCL 777.11 *et seq*., are legal questions that this Court reviews de novo." *People v Sours*, 315 Mich App 346, 348; 890 NW2d 401 (2016).

---

[9] *Hollingsworth*, unpub op at 7.

Defendant cites *People v Fox*, 312 Mich 577, 581; 20 NW2d 732 (1945), for the proposition that "a trial court cannot set aside a valid sentence and impose a new and different one after the defendant has been remanded to jail to await the execution of the sentence." *Fox* stands for the proposition that a court lacks the authority to sua sponte resentence a defendant once he has begun serving his sentence; it has no applicability here. And MDOC's investigation revealed an inaccurate scoring of PRV 7, which means that the initial sentence was at least arguably based on inaccurate information. "[A] sentence is invalid if it is based on inaccurate information." *People v Miles*, 454 Mich 90, 96; 559 NW2d 299 (1997).

There is no reason to exclude consideration of PRV 7 at resentencing; defendant will have the opportunity to challenge the score in the normal course of resentencing, ensuring that his due process rights are adequately protected. *People v Zinn*, 217 Mich App 340, 347-348; 551 NW2d 704 (1996) (explaining that due process only requires that "a sentence be based on accurate information and that a defendant have a reasonable opportunity at sentencing to challenge the information"); see also *People v Davis*, 300 Mich App 502, 509; 834 NW2d 897 (2013), abrogated in part on other grounds by *People v Rhodes (On Remand)*, 305 Mich App 85, 87-88; 849 NW2d 417 (2014) (noting that once an original sentence is vacated, the case is "returned to a presentence posture" allowing the trial court to examine every aspect of the sentence de novo).[10]

## IV. MOTION TO RETAIN EXPERT WITNESS

Defendant also argues that the trial court abused its discretion by denying his motion to retain an expert witness to testify at resentencing. We disagree. A trial court's decision whether to grant an indigent defendant's motion to retain an expert witness is reviewed for abuse of discretion. See *People v Tanner*, 469 Mich 437, 442; 671 NW2d 728 (2003). An abuse of discretion occurs when the trial court's decision falls outside the range of reasonable and principled outcomes. See *People v Babcock*, 469 Mich 247, 269; 666 NW2d 231 (2003).

Defendant sought leave to retain an expert witness to testify that defendant's changed character after three-and-a-half years in prison warrants a reduction in his sentence. In denying the motion, the trial court reasoned that allowing a criminal defendant to provide expert testimony to demonstrate a defendant's change in character after serving a portion of his sentence would be not only pointless but unnecessarily burdensome on an already burdened criminal system. Without a compelling reason to allow defendant to retain an expert, this consideration was reasonable and principled and the trial court did not abuse its discretion. *Tanner*, 469 Mich at 442; *Babcock*, 469 Mich at 269.

---

[10] Defendant also challenges his score for PRV 5. Defendant did not challenge this score during his original sentencing, in a motion for resentencing, in a motion for remand before this Court, or in his application for leave to appeal to this Court. MCR 6.429(C). Defendant has waived challenge to PRV 5 at this time; the trial court may also consider challenges to the score for this variable at resentencing. *Id.*, see also *Davis*, 300 Mich App 509.

Further, the relief defendant is asking for violates the separation-of-powers principle discussed in *Fox*, 312 Mich at 581. While a trial court may correct errors and impose a different sentence on resentencing, it lacks the power of a parole board or the exclusive power of the governor to commute sentences. *Id.* No authority exists for the proposition that a defendant's experience or change of heart while serving a portion of his sentence is a valid consideration at resentencing, much less that it should be the subject of expert testimony; such factors are generally reserved for issues related to parole and commutation. *Id.*

## V. PROPORTIONALITY

Although not argued at defendant's prior sentencing, defendant and the prosecution both note that defendant's minimum sentence of 144 months is outside the recommended minimum sentence range for his offense, even assuming that PRV 7 is properly scored at 20 points. Under the sentencing scheme in place at the time defendant was sentenced, the trial court was required by statute to state on the record "a substantial and compelling reason" for departing from the sentencing guidelines. MCL 769.34(3). Even after the Michigan Supreme Court struck down that provision of that statute in *Lockridge*, 498 Mich at 392, the sentencing guidelines remain advisory and the trial court "must justify the sentence imposed in order to facilitate appellate review." *Id.*; see also *People v Smith*, 482 Mich 292, 304; 754 NW2d 284 (2008) ("The trial court's justification must be sufficient to allow for effective appellate review."). The trial court should keep those obligations in mind in resentencing defendant on remand. See *Lockridge*, 498 Mich at 392.

## VI. CONCLUSION

We affirm the trial court's order denying defendant's motion to retain an expert witness. We vacate defendant's sentence and remand to the trial court for resentencing.

Affirmed in part, vacated in part and remanded to the trial court for resentencing. We do not retain jurisdiction.


/s/ Elizabeth L. Gleicher
/s/ Mark T. Boonstra
/s/ Jonathan Tukel

-6-