# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

ERIN KATHLEEN DENNIS,

      Defendant-Appellant.

UNPUBLISHED
September 25, 2018

No. 336549
Gladwin Circuit Court
LC No. 16-008410-FC

AFTER REMAND

Before: STEPHENS, P.J., and SHAPIRO and RONAYNE KRAUSE, JJ.

PER CURIAM.

      Defendant pleaded guilty to delivery or manufacture of 50 to 499 grams of a controlled substance, MCL 333.7401(2)(a)(*iii*).[1] The sentencing guidelines provided for a minimum sentence range of 30 to 50 months' imprisonment. At the initial sentencing, the trial court departed from that recommendation and sentenced defendant to 84 months to 20 years' imprisonment. On review, we concluded that the trial court failed to provide adequate reasons to justify the departure sentence, particularly since defendant had no prior criminal history, and that the trial court specifically erred by taking into account a change in law that took effect after defendant's crime. *People v Dennis*, unpublished per curiam opinion of the Court of Appeals, issued March 22, 2018 (Docket No. 336549). On remand, the trial court imposed the same departure sentence and for the same grounds articulated at the original sentencing. Accordingly, we again vacate defendant's sentence and remand for resentencing, this time before a different judge.[2]

---

[1] Defendant was also convicted of two counts of breaking and entering with intent, MCL 750.110. She did not appeal the sentences for those offenses.

[2] We review departure sentences for an abuse of discretion. See *People v Steanhouse*, 500 Mich 453, 476; 902 NW2d 327 (2017). "[A] given sentence can be said to constitute an abuse of discretion if that sentence violates the principle of proportionality, which requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990),

-1-

Sentences must adhere to the principle of proportionality, which requires that "sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *People v Steanhouse*, 500 Mich 453, 474; 902 NW2d 327 (2017) (quotation marks and citation omitted). Sentences within the guidelines range are presumptively proportionate. *People v Powell*, 278 Mich App 318, 323; 750 NW2d 607 (2008). A departure from the guidelines range is appropriate when "the recommended range under the guidelines is disproportionate, in either direction, to the seriousness of the crime." *People v Milbourn*, 435 Mich 630, 657; 461 NW2d 1 (1990), overruled by statute as recognized in *People v Armisted*, 295 Mich App 32, 51; 811 NW2d 47 (2011). When imposing a sentence in accordance with the principle of proportionality, relevant factors include, but are not limited to:

> (1) the seriousness of the offense; (2) factors that were inadequately considered by the guidelines; and (3) factors not considered by the guidelines, such as the relationship between the victim and the aggressor, the defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation. [*People v Lawhorn*, 320 Mich App 194, 207; 907 NW2d 832 (2017) (quotation marks and citation omitted).

"Even where some departure appears to be appropriate, the extent of the departure (rather than the fact of the departure itself) may embody a violation of the principle of proportionality." *Milbourn*, 435 Mich at 660.

Defendant was convicted of participating in a break-in of a pharmacy and stealing of a large number of pills. Although she did not personally burglarize the pharmacy, she had participated in choosing the location and acting as driver. She confessed to the crime and admitted that she and her two accomplices had burglarized several other pharmacies. She agreed to cooperate with the prosecution in the prosecutions of her accomplices.

Among the reasons that we vacated the initial sentence was the trial court's reliance on Offense Variable (OV) 15 as grounds to depart from the guidelines. OV 15 addresses aggravated controlled substance offenses and assesses points for various quantities of drugs, but only as to drugs that are classified in schedule 1 or 2. See MCL 777.45(1)(a)-(c). The parties agreed that OV 15 could not be scored in this case, presumably because at the time of the crime, the pills stolen were classified as schedule 3 drugs. The trial judge noted that, sometime after the crime, the drugs in question were reclassified into schedule 2. In imposing the departure sentence, the judge noted that defendant's minimum sentence range would have been higher had it been committed after the reclassification. In our opinion we specifically rejected the after-the-fact reclassification of the drug as grounds to depart, stating: "The referred-to . . . reclassification of certain drugs [after the instant crime] is not relevant to crimes that occurred before that date. Thus, it was not grounds to depart in this case." *Dennis*, unpub op at 3.

---

overruled by statute as recognized in *People v Armisted*, 295 Mich App 32, 51; 811 NW2d 47 (2011).

At resentencing, however, the court again specifically relied on OV 15 as grounds for departure. The court questioned why OV 15 was not scored when an assessment of 50 points seemed appropriate. The court's reasons for departure focused on the fact that, had defendant been scored those additional points, she would have been in a guideline grid providing for a 51 to 85 month minimum term.

"It is the duty of the lower court or tribunal, on remand, to comply strictly with the mandate of the appellate court." *Rodriguez v Gen Motors Corp*, 204 Mich App 509, 514; 516 NW2d 105 (1994). The trial court's reliance and even emphasis on the OV 15 issue directly contradicts our previous ruling that the reclassification of the schedule 3 drugs after defendant committed the crimes was irrelevant. Thus, it was legal error.

Our prior opinion also referred to what it termed "important considerations to individualized sentencing" of this defendant, i.e., defendant had no prior juvenile or adult criminal history, she expressed remorse and agreed to cooperate with prosecutors. *Dennis*, unpub op at 3. Although the trial court referenced those factors at resentencing, it did not explain how these mitigating factors influenced the imposed sentence. The same can be said for the fact that defendant had not received any misconducts during the two years she had been incarcerated since the original sentencing. "The sentencing court should make every effort to individualize sentences in order to further the goal of rehabilitation. In this regard a defendant's conduct while in prison may shed considerable light on the prospect of rehabilitation." *People v Triplett*, 407 Mich 510, 516; 287 NW2d 165 (1980) (quotation marks and citation omitted).

We acknowledge that, at resentencing, the trial court gave additional reasons for the imposed sentence. For instance, the trial court noted that defendant was "a leader" in the criminal activity. [3] But this factor was accounted for by the scoring of OV 14 at 10 points, MCL 777.44(1)(a), and therefore did not support a departure from the guidelines. See *People v Steanhouse*, 313 Mich App 1, 45; 880 NW2d 297 (2015); MCL 777.44(1)(a). In addition, when the court stated that defendant brought her grandchild with her "to go commit a crime," the parties clarified that defendant merely "scouted" the location with her grandchild present. Yet, the court appeared to dismiss the importance of that qualification, stating that "clearly she had a grandchild with her when she was planning some of these crimes."

We also acknowledge that the trial court correctly reasoned that OV 13, capped at "3 or more crimes" in this case, MCL 777.43(1)(C), did not account for all of the pharmacies that defendant admitted to burglarizing. But, considering the trial court's other errors, we cannot conclude that this alone adequately justified the substantial departure sentence. Moreover, even

---

[3] It is difficult to see why defendant's role as "a leader" merited further consideration beyond the OV scoring. There were three persons involved in the crime. According to the presentence report, defendant's role was as driver and to "scout out" pharmacies that could be burglarized. However, it appears that she did not actually select locations or decide whether or when a break in would occur. One of the accomplices, James Tinker, told officers that "the other two people would prospect a place and then he would decide when they would break in."

in the absence of a departure, this and the other factors discussed herein may be addressed by the sentence selected by the court within the guideline range.

For those reasons, the trial court failed to follow our directions on remand and failed to provide adequate reasons to justify the departure sentence imposed in this case. We vacate defendant's sentence and remand for resentencing. Resentencing shall be conducted by a different judge because we conclude "that the judge would have difficulty setting aside [his] previously expressed views and justly resolve the issue at a subsequent hearing." *People v Pillar*, 233 Mich App 267, 271; 590 NW2d 622 (1998).

Vacated and remanded. We do not retain jurisdiction.

/s/ Cynthia Diane Stephens
/s/ Douglas B. Shapiro
/s/ Amy Ronayne Krause