*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

OLIVIA DENNIS,

       Plaintiff-Appellant,

v

STEVE TYLER,

       Defendant-Appellee.

UNPUBLISHED
April 30, 2019

No. 345492
Allegan Circuit Court
LC No. 13-052663-DM

Before: BECKERING, P.J., and SERVITTO and STEPHENS, JJ.

PER CURIAM.

Plaintiff, Olivia Dennis, appeals as of right the trial court's order granting the motion for reconsideration filed by defendant, Steve Tyler, and denying plaintiff's motion to void the custody provisions in the parties' judgment of divorce. We affirm.

## I. RELEVANT FACTS AND PROCEDURAL HISTORY

This case returns to the Court after remand to the trial court. Before remand, plaintiff appealed the trial court's grant of defendant's motion for summary disposition of plaintiff's motion for revocation of defendant's paternity of the minor child, BT. Although a detailed recitation of the facts of the prior appeal is unnecessary, some background information is required as context for the instant appeal.

Plaintiff gave birth to BT one day before she and defendant were married in July 2012. *Dennis v Tyler*, unpublished per curiam opinion of the Court of Appeals, issued March 21, 2017 (Docket No. 331503), p 1. In December 2013, plaintiff filed a complaint for divorce in pro per. *Id*. at 2. During the divorce proceedings, both plaintiff and defendant suggested that defendant might not be the biological father of BT, and plaintiff asked the trial court more than once to order a paternity test to determine if defendant was BT's father. *Id*. The court indicated that it would take plaintiff's request under advisement and issue a ruling after deciding whether a divorce case was the proper vehicle to contest the paternity of a child conceived and born prior to the marriage. No such ruling was forthcoming. *Id*. On December 3, 2014, plaintiff filed a stipulated judgment of divorce, which listed BT as a minor child of the parties and provided for a joint custody arrangement for her and defendant. *Id*. At the pro confesso hearing held the same

-1-

day, plaintiff "admitted that she had stated in her complaint that defendant was BT's father." *Id*. She also admitted "that there was no contrary DNA evidence testing currently available." *Id*.

Following entry of the judgment of divorce, plaintiff filed a motion for revocation of an acknowledged father's paternity under MCL 722.1437[1] of the Revocation of Paternity Act (RPA), MCL 722.1431 *et seq*. *Id*. at 3. Defendant opposed the motion, but a stipulated order for DNA testing was entered, and the results indicated that there was no probability that defendant was the father of BT. *Id*. at 3-4. Subsequently, defendant filed a motion for summary disposition of plaintiff's RPA motion pursuant to MCR 2.116(C)(8) (failure to state a claim), arguing that his "acknowledgment of parentage could not be revoked if he was not an 'acknowledged father'[2] under the RPA," and, therefore, "[plaintiff's] motion was incorrectly brought." *Id*. at 4. "[Defendant] instead posited that he was an 'affiliated father'[3] under the RPA based on the entry of the judgment of divorce, which declared him to be the child's father." *Id*. The trial court agreed with defendant and issued an order that granted defendant's motion for summary disposition of plaintiff's motion. *Id*. This order was the subject of plaintiff's first appeal in this Court.

At issue in plaintiff's previous appeal was whether the judgment of divorce determined BT's paternity. *Id*. This Court held that "[b]ecause the circuit court never determined BT's paternity despite having been repeatedly asked to do so, the judgment of divorce did not establish [defendant's] paternity as an affiliated father under the RPA." *Id*. at 11; see *Glaubius v Glaubius*, 306 Mich App 157, 168; 855 NW2d 221 (2014) ("an affiliated father exists when, in a court of law, a dispute or question about a man's paternity has been settled or resolved and it was concluded by the court, on the basis of reasoning and observation, that the man is the child's father"). The Court reversed the order appealed from and remanded the matter to the trial court for further proceedings consistent with the Court's opinion. *Dennis*, unpub op at 11.

On remand, plaintiff filed a motion asking the trial court to terminate defendant's paternity and amend the parties' judgment of divorce based on this Court's decision in her initial appeal. A visiting judge signed plaintiff's proposed order on March 13, 2018, without waiting for a response from defendant or holding a hearing.[4] The order stated "that any provision in the

---

[1] Pursuant to MCL 722.1437, the mother of a child may file an action for revocation of an acknowledgement of parentage. During the divorce proceedings, defendant wrongly stated that he had signed an affidavit of parentage of BT. No such affidavit was ever produced, nor is one "on file with the with the State's Parentage Registry." *Dennis*, unpub op at 4 (MARKEY, J., dissenting).

[2] The RPA defines an "acknowledged father" as "a man who has affirmatively held himself out to be the child's father by executing an acknowledgement of parentage under the acknowledgment of parentage act, 1996 PA 305, MCL 722.1001 to 722.1013." MCL 722.1433(a).

[3] The PRA defines an "affiliated father" as "a man who has been determined in a court to be the child's father." MCL 722.1433(b).

[4] Plaintiff did not file the order under the seven-day rule, MCR 2.602(B)(3).

judgment of divorce or any other orders" establishing defendant's paternity to BT "are hereby null and void pursuant to the Court of Appeals" opinion in *Dennis v Tyler*, Docket No. 331503. Defendant filed a response to plaintiff's motion on March 23, 2018. He argued that this Court determined that the judgment of divorce did not contain the paternity determination required to classify him as BT's "affiliated father," and reversed the order granting his motion for summary disposition, but it did not order any changes to the custody and parenting-time determinations in the judgment of divorce.

On May 11, 2018, the trial court entered an order that addressed plaintiff's proposed order signed by the visiting judge. The court explained that the visiting judge signed and entered the order before the trial court received defendant's response, and ordered that defendant would have 21 days to file a motion for reconsideration or a motion for relief from judgment. Defendant filed his motion for reconsideration on May 18, 2018. Relevant to the issue presently before this Court, defendant argued that procedural error resulted in entry of plaintiff's proposed order and that plaintiff's proposed order went beyond the remand instructions of this Court by modifying the custody and parenting-time provisions of the judgment of divorce.

Subsequent to a hearing, the trial court granted defendant's motion for reconsideration, finding palpable error because the visiting judge signed plaintiff's proposed order without giving defendant an opportunity to respond, and concluding that correction of the error would result in a different disposition of plaintiff's motion. See MCR 2.119(F)(3). The court reasoned that the effect of this Court's decision was to reverse the trial court's prior summary disposition order and to rule that the judgment of divorce did not establish that defendant was the affiliated father of BT. The court further reasoned that if this Court had wanted to "make the judgment of divorce and the custody order null and void . . .it would have clarified that in its opinion[,] but it did not do that." Accordingly, the trial court vacated the order signed by the visiting judge. This appeal followed.

## II. ANALYSIS

In the present appeal, plaintiff contends that the trial court failed to follow this Court's prior opinion on remand when it declined to void the custody and parenting-time provisions in the parties' judgment of divorce. We disagree.

"It is the duty of a lower court or tribunal, on remand, to strictly comply with the mandate of the appellate court." *Rodriguez v Gen Motors Corp*, 204 Mich App 509, 514; 516 NW2d 105 (1994). Whether a trial court "followed an appellate court's ruling on remand is a question of law that [we] review de novo." *Schumacher v Dep't of Natural Resources*, 275 Mich App 121, 127; 737 NW2d 782 (2007). We review a trial court's factual findings for clear error and its conclusions of law de novo. *Id*.

In her claim of appeal from the trial court's order that granted defendant's motion for summary disposition of her RPA motion, plaintiff also asked this Court to amend the judgment of divorce to indicate that defendant is not the father of BT. It is clear from even a cursory reading of this Court's March 21, 2017 decision that the only issue addressed by this Court was whether "the parties' divorce judgment determined BT's paternity." *Dennis*, unpub op at 4. As already discussed, we concluded that, because there was no formal expression of an opinion by

the trial court that the disputed issue of BT's paternity had been resolved, the judgment of divorce did not establish defendant as BT's affiliated father. Accordingly, we reversed the trial court's order of January 20, 2016. We did not order modification of the judgment of divorce. In fact, the Court could not so order because it lacked jurisdiction over the judgment of divorce.

To vest jurisdiction in this Court, an appellant must timely file a claim of appeal and the entry fee. MCR 7.204(B). Even if an appellant's appeal is not timely, this Court may accept the pleadings as an application for leave to appeal and grant the appeal. *Waatti & Sons Electric Co V Dehko*, 230 Mich App 582, 585; 584 NW2d 372 (1998). We have jurisdiction to grant leave to appeal based on an application untimely filed after the usual 21-day period, MCR 7.205(A), but generally not based on an application filed more than six months after entry of the pertinent judgment or order, MCR 7.205(G)(3). The court entered the parties' judgment of divorce on or around December 3, 2014. Since then, neither party has properly sought to appeal the judgment in this Court. In other words, this Court has never had the authority to modify any of the provisions in the parties' judgment of divorce.

The trial court did not err in its understanding of the legal implications of this Court's prior decision, and it fulfilled its duty to comply with the Court's mandate. *Rodriguez*, 204 Mich App at 514. The trial court is also correct that if plaintiff wants to change the custody and parenting-time provisions in the judgment of divorce in light of this Court's determination that defendant is not an affiliated father, she must file a motion for modification in the trial court. See *Sirovey v Campbell*, 223 Mich App 59, 72; 565 NW2d 857 (1997) (noting the circuit court's continuing jurisdiction in matters of child custody after entry of a divorce judgment, pursuant to MCL 552.17a(1)).

Affirmed.

/s/ Jane M. Beckering
/s/ Deborah A. Servitto
/s/ Cynthia Diane Stephens