# STATE OF MICHIGAN

# COURT OF APPEALS

---

INTERNATIONAL BUSINESS MACHINES
CORP.,

        Plaintiff-Appellant,

v

DEPARTMENT OF TREASURY,

        Defendant-Appellee.

FOR PUBLICATION
July 21, 2016
9:00 a.m.

No. 327359
Court of Claims
LC No. 11-000033-MT

---

Before: WILDER, P.J., and MURPHY and O'CONNELL, JJ.

PER CURIAM.

Plaintiff International Business Machines Corporation (IBM) appeals as of right the Court of Claims order granting, on reconsideration, summary disposition in favor of defendant Department of Treasury (the Department). We reverse and remand for entry of judgment in favor of IBM consistent with our Supreme Court's directive in this case in *Int'l Business Machines Corp v Dep't of Treasury*, 496 Mich 642; 852 NW2d 865 (2014).

In *Int'l Business Machines*, *id.* at 644-645, the Michigan Supreme Court opened its opinion by alluding to the issue presented, describing the nature of the case, and setting forth its holding:

> In this case, we must determine whether . . . IBM[] could elect to use the three-factor apportionment formula under the Multistate Tax Compact (the Compact)[, MCL 205.581 *et seq*.,] for its 2008 Michigan taxes, or whether it was required to use the sales-factor apportionment formula under the Michigan Business Tax Act (BTA)[, MCL 208.1101 *et seq*]. The Department . . . rejected IBM's attempt to use the Compact's apportionment formula and, instead, required IBM to apportion its income using the BTA's sales-factor formula.

> We conclude that IBM was entitled to use the Compact's three-factor apportionment formula for its 2008 Michigan taxes and that the Court of Appeals erred by holding otherwise on the basis of its erroneous conclusion that the Legislature had repealed the Compact's election provision by implication when it enacted the BTA. We further hold that IBM could use the Compact's

apportionment formula for that portion of its tax base subject to the modified gross receipts tax of the BTA.

Accordingly, we reverse the Court of Appeals judgment in favor of the Department, reverse the Court of Claims order granting summary disposition in favor of the Department, *and remand to the Court of Claims for entry of an order granting summary disposition in favor of IBM*. [Emphasis added.]

The Department filed a motion for rehearing, and before the Supreme Court rendered a decision on the motion, the Legislature enacted 2014 PA 282, amending the BTA, retroactively rescinding Michigan's membership in the Compact, effective January 1, 2008, and precluding foreign corporations such as IBM from using the three-factor apportionment formula that had been available under the Compact. The Department filed supplemental authority in support of its pending motion for rehearing, alerting our Supreme Court of the statutory amendment. Subsequently, the Supreme Court denied the motion for rehearing absent any explanation or elaboration. *Int'l Business Machines Corp v Dep't of Treasury*, 497 Mich 894; 855 NW2d 512 (2014). On remand, the Court of Claims initially entered judgment in favor of IBM as directed by the Supreme Court. However, it later granted the Department's motion for reconsideration, determining that 2014 PA 282 represented an intervening change of law, thereby excepting application of the law of the case doctrine.

"When an appellate court remands a case with specific instructions, it is improper for a lower court to exceed the scope of the order." *People v Russell*, 297 Mich App 707, 714; 825 NW2d 623 (2012); see also *Glenn v TPI Petroleum, Inc*, 305 Mich App 698, 706; 854 NW2d 509 (2014) ("The trial court erred by failing to comply on remand with the very specific directives of this Court."); *K & K Constr, Inc v Dep't of Environmental Quality*, 267 Mich App 523, 544; 705 NW2d 365 (2005) (clear instructions in a remand order must be followed); *Rodriguez v Gen Motors Corp (On Remand)*, 204 Mich App 509, 514; 516 NW2d 105 (1994) ("It is the duty of the lower court or tribunal, on remand, to comply strictly with the mandate of the appellate court."). Here, the Court of Claims did not have any discretion or authority to rule in favor of the Department. The Court of Claims was specifically instructed to enter an order granting summary disposition in favor of IBM, and it erred by ultimately failing to do so.

The procedural posture of this case resulted in arguments regarding the applicability of the law of the case doctrine, which doctrine is subject to an exception where there is an intervening change of law. See *People v Olear*, 495 Mich 939; 843 NW2d 480 (2014); *Grace v Grace*, 253 Mich App 357, 363; 655 NW2d 595 (2002). In *Grievance Administrator v Lopatin*, 462 Mich 235, 259-260; 612 NW2d 120 (2000), our Supreme Court explained the nature of the law of the case doctrine:

Under the law of the case doctrine, if an appellate court has passed on a legal question and remanded the case for further proceedings, the legal questions thus determined by the appellate court will not be differently determined on a subsequent appeal in the same case where the facts remain materially the same. The appellate court's decision likewise binds lower tribunals because the tribunal may not take action on remand that is inconsistent with the judgment of the appellate court. Thus, as a general rule, an appellate court's determination of an

issue in a case binds lower tribunals on remand and the appellate court in subsequent appeals. [Citations and quotation marks omitted.]

The Department maintains that the law of the case doctrine is not controlling because the legal question concerning the impact of 2014 PA 282 on IBM's 2008 taxes was not passed on by the Supreme Court in its opinion, nor, expressly, in its order denying the Department's motion for rehearing, and because 2014 PA 282 represented an intervening change of law, assuming that the doctrine was initially implicated. We conclude that the analysis in this case is not governed by the law of the case doctrine; however, contrary to the Department's view, this does not mean that the Court of Claims was free to try anew under 2014 PA 282 the issue regarding the apportionment formula applicable to IBM's 2008 taxes. Rather than the law of the case doctrine, we hold that the principle alluded to above that a lower court cannot exceed the scope of a remand order controls and is distinguishable from the law of the case doctrine. We find instructive a recent decision by the United States Court of Appeals for the Ninth Circuit in *Stacy v Colvin*, __ F3d __, __ (CA 9, 2016); slip op at 3, wherein the federal court, distinguishing the law of the case doctrine from what it coined the "rule of mandate," observed:

> The rule of mandate is similar to, but broader than, the law of the case doctrine. The rule provides that any district court that has received the mandate of an appellate court cannot vary or examine that mandate for any purpose other than executing it. The district court may, however, decide anything not foreclosed by the mandate. But the district court commits "jurisdictional error" if it takes actions that contradict the mandate. [Citations and quotation marks omitted.[1]]

Although the terminology "rule of mandate" has apparently not been used in Michigan caselaw, it quite plainly embodies the well-accepted principle in our jurisprudence that a lower court must strictly comply with, and may not exceed the scope of, a remand order. *Glenn*, 305 Mich App at 706; *Russell*, 297 Mich App at 714; *K & K Constr*, 267 Mich App at 544; *Rodriguez*, 204 Mich App at 514. Here, the Supreme Court mandated ministerial entry of judgment in favor of IBM, the mandate foreclosed all other possibilities and any renewed litigation over IBM's 2008 business taxes, and the Court of Claims erred in taking an action that contradicted the mandate, effectively exceeding the remand's jurisdictional scope. The distinction we recognize today between the law of the case doctrine and the rule of mandate, as implicated by the Supreme Court's explicit directive in *Int'l Business Machines*, is further buttressed by the principles that the law of the case doctrine expresses the general practice of the courts, is discretionary, and is not a limit on the power of the courts. *Locricchio v Evening News Ass'n*, 438 Mich 84, 109, 109 n 13; 476 NW2d 112 (1991); *Grace*, 253 Mich App at 363. The plain and unambiguous remand directive cannot be construed as having provided any room for the exercise of discretion by the Court of Claims, and it most certainly placed a strict limit on the power of the Court of Claims on remand, which limit was exceeded. For all intents and

---

[1] The Ninth Circuit concluded that an administrative law judge (ALJ) did not violate the rule of mandate in the case by taking new evidence on a matter, given that the "remand order did not preclude the ALJ from taking [the] new evidence." *Stacy*, __ F3d at __; slip op at 3.

purposes, the case was over once it left the jurisdiction of the Michigan Supreme Court; there was not to be any further substantive litigation, proceedings, or decision-making. The Court of Claims was simply to perform the nondiscretionary, ministerial task of entering judgment in favor of IBM. Indeed, the Supreme Court itself had the option of entering the judgment. MCR 7.316(A)(7) (Supreme Court may "enter any judgment . . . that ought to have been entered").

Further, the Department's position that the Court of Claims should be able to examine the issue of IBM's 2008 taxes under 2014 PA 282 is untenable. In *Int'l Business Machines*, 496 Mich at 645, our Supreme Court conclusively determined that IBM could use the Compact's apportionment formula for purposes of the 2008 taxes. Under the Department's theory, the issue of the proper apportionment formula relative to IBM's 2008 taxes could be litigated endlessly on the basis of any future statutory changes bearing on the question. Collateral estoppel principles preclude such an approach. See *Monat v State Farm Ins Co*, 469 Mich 679, 682-684; 677 NW2d 843 (2004). Again, the case had effectively been concluded, except for the formal entry of the judgment. Additionally, it is well-established that "the Legislature may not reverse a judicial decision," *Gen Motors Corp v Dep't of Treasury*, 290 Mich App 355, 372-373; 803 NW2d 698 (2010), and that "only the Supreme Court has the authority to overrule its own decisions," *People v Crockran*, 292 Mich App 253, 256; 808 NW2d 499 (2011). If 2014 PA 282 is specifically applied in order to ascertain the apportionment formula available to IBM with respect to its 2008 business taxes, it would effectively result in the impermissible legislative reversal of *Int'l Business Machines*. Similarly, in ignoring the remand directive and ordering application of 2014 PA 282 to IBM's 2008 taxes in connection to the apportionment formula, the Court of Claims essentially and improperly reversed the ruling in *Int'l Business Machines*. And recall that the Supreme Court was fully cognizant of 2014 PA 282 when ruling to deny the Department's motion for rehearing. If the Supreme Court wishes to revisit the issue on an application for leave to appeal, it of course has that prerogative, but neither this Court nor the Court of Claims is in the position to alter the ruling and ignore the remand directive in *Int'l Business Machines*, 496 Mich 642.

Finally, this Court's opinion in *Gillette Commercial Operations North America & Subsidiaries v Dep't of Treasury*, 312 Mich App 394; __ NW2d __ (2015), does not and cannot change our analysis. *Gillette* addressed numerous state and federal constitutional arguments challenging 2014 PA 282 and the retroactive character of the legislation. This Court found that 2014 PA 282 is constitutionally sound. *Id.* at 401. That said, the *Gillette* opinion could not overrule or reverse the Supreme Court's earlier opinion in *Int'l Business Machines* and the resolution of the specific tax issues addressed therein. See *Crockran*, 292 Mich App at 256. IBM is entitled to the protection afforded it under the *Int'l Business Machines* decision, although with respect to *other taxes* not addressed in the opinion but caught under the umbrella of 2014 PA 282, those taxes would be subject to 2014 PA 282 as construed by the *Gillette* panel. There is a distinction between applying 2014 PA 282, as upheld in *Gillette*, to alter the specific resolution in *Int'l Business Machines* of the apportionment-formula question pertaining to IBM's 2008 taxes, which is not permissible under the ruling and remand directive, and applying 2014 PA 282 to all other pending tax disputes, recognizing that the Legislature was free to change the law in response to *Int'l Business Machines*.

-4-

Reversed and remanded for entry of judgment in favor of IBM. We do not retain jurisdiction. Having fully prevailed on appeal, taxable costs are awarded to IBM under MCR 7.219.

/s/ Kurtis T. Wilder
/s/ William B. Murphy
/s/ Peter D. O'Connell