# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
January 23, 2018

Plaintiff-Appellee,

v

No. 335223
Saginaw Circuit Court
LC No. 13-039385-FC

JEREMY LEONARD STAFFORD,

Defendant-Appellant.

Before: MURPHY, P.J., and SAWYER and BECKERING, JJ.

PER CURIAM.

Defendant was convicted of numerous offenses, the most serious of which was assault with intent to commit murder, MCL 750.83, arising out of a violent attack against his wife in and around their stopped vehicle on the shoulder of a highway during which defendant attempted several times to throw her into traffic. He was sentenced as a fourth habitual offender, MCL 769.12, to 47½ to 80 years' imprisonment for the crime. The sentence fell within the minimum sentence guidelines range. Defendant's sentences for the other crimes are not relevant to this appeal. This Court previously affirmed defendant's convictions but ordered a *Crosby*[1] remand for purposes of sentencing under *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015). *People v Stafford*, unpublished opinion per curiam of the Court of Appeals, issued February 9, 2016 (Docket No. 324651). More specifically, this Court remanded the case "for the trial court to determine whether it would have imposed a materially differen[t] sentence under the sentencing procedure described in . . . *Lockridge*[.]" *Id.*, unpub op at 4. On remand, the trial court, declining to resentence defendant, concluded that it would have imposed the same sentence under advisory guidelines given defendant's "extremely egregious conduct" and his "history of assaultive crimes." Defendant appeals that ruling, and we affirm.

On appeal, defendant broadly maintains that his sentence of 47½ to 80 years in prison is excessive, disproportionate, and unreasonable. Defendant begins his analysis by observing that under *People v Schrauben*, 314 Mich App 181, 196 n 1; 886 NW2d 173 (2016), review of his sentence is foreclosed by MCL 769.34(10), considering that the sentence was within the appropriate guidelines range, that there were no scoring errors, and that no inaccurate

---

[1] *United States v Crosby*, 397 F3d 103 (CA 2, 2005).

information was relied on in determining his sentence.[2] Defendant proceeds to argue that his sentence should be treated as a departure and thus reviewed for "reasonableness" under the holding in *Lockridge* regarding departure sentences. See *Lockridge*, 498 Mich at 392.[3] As best we understand defendant's argument, he contends that if one eliminates the offense variable scores that entailed judicial fact-finding, the guidelines range would decrease to such an extent that his minimum sentence of 47½ years, which was at the very top end of the guidelines range, would reflect a departure, allowing a review for reasonableness. And defendant argues that the sentence was not reasonable or proportionate. Defendant maintains that the constitutional analysis in *Lockridge* supports his suggested approach and that *Schrauben* was wrongly decided because it expressed that *Lockridge* did not effectively alter or diminish MCL 769.34(10). Essentially, defendant is arguing that the evil of judicial fact-finding recognized in *Lockridge* is equally problematic in the context of using judicially found facts to increase a guidelines range, which in turn can foreclose or limit appellate review under MCL 769.34(10) when the imposed minimum sentence is within that increased guidelines range.

We first hold that the issues posed by defendant are not properly before us. In the initial appeal, defendant, in regard to sentencing, merely requested a *Crosby* remand pursuant to *Lockridge*. He did not argue that the sentence was excessive, disproportionate, and unreasonable, nor did defendant assert any issue concerning MCL 769.34(10) and the impact of *Lockridge* on MCL 769.34(10). The remand was not for the purpose of resentencing, although that was a possibility that could occur as a result of the remand. Instead, the remand was for the trial court to determine whether it would have imposed a materially different sentence in light of *Lockridge* and the now-advisory guidelines. The trial court answered in the negative, declining to order resentencing. This did not open the door for defendant, on further appellate review, to set forth a host of arguments challenging the length of the sentence that had not been previously presented, but which could have been raised by defendant. Defendant's arguments exceed the

---

[2] MCL 769.34(10) provides, in relevant part, that "[i]f a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence." The *Schrauben* panel stated that "*Lockridge* did not alter or diminish MCL 769.34(10)." *Schrauben*, 314 Mich App at 196 n 1. We do note that MCL 769.34(10) does not and cannot preclude constitutional appellate challenges to a sentence, e.g., an argument that a sentence constitutes cruel and unusual punishment. See *People v Powell*, 278 Mich App 318, 323; 750 NW2d 607 (2008) (MCL 769.34[10]'s limitation on review does not apply to claims of constitutional error, but a sentence within the guidelines range is presumptively proportionate, and a proportionate sentence is not cruel or unusual punishment); see also *People v Conley*, 270 Mich App 301, 316; 715 NW2d 377 (2006) ("It is axiomatic that a statutory provision, such as MCL 769.34[10], cannot authorize action in violation of the federal or state constitutions.").

[3] In *People v Steanhouse*, 500 Mich 453; 902 NW2d 327 (2017), our Supreme Court held that under the "reasonableness" standard set forth in *Lockridge* with respect to sentencing departures, we are to determine whether the trial court abused its discretion by violating the principle of proportionality enunciated in *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990).

scope of the remand. See *Int'l Business Machines Corp v Dep't of Treasury*, 316 Mich App 346, 352; 891 NW2d 880 (2016).

Additionally, as indicated in footnote 2 of this opinion, an appellate challenge of a sentence falling within the appropriate guidelines range can always be made on constitutional grounds regardless of the limitations in MCL 769.34(10). While defendant appears to argue that such review encompasses a *presumption* of proportionality that does not exist with review of a sentencing departure, thereby remaining constitutionally infirm, we fail to see how this claimed difference ultimately results in a deprivation of the Sixth Amendment fundamental right to a jury trial as described in *Lockridge*.[4] Indeed, the whole premise of defendant's argument does not speak to the length of the sentence imposed by a trial court, but rather it pertains to the extent and parameters of appellate review of a sentence and differences therein depending on whether a sentence is within or outside the guidelines range. Defendant has not convinced us that MCL 769.34(10) need be construed any differently than the manner expressed in our binding caselaw. And nothing in *Schrauben* would indicate that MCL 769.34(10) can be employed to preclude appellate review of a constitutionally-based challenge of a sentence within the guidelines.

Finally, assuming that defendant's arguments are properly before us and that he is constitutionally entitled under the Sixth Amendment to have his sentence reviewed for reasonableness and proportionality, absent any type of proportionality presumption, we simply cannot conclude that the trial court abused its discretion in imposing the sentence, given the horrific nature of the act of violence perpetrated against defendant's wife, along with defendant's extensive criminal history. The sentence was proportional to the offense and the offender.

Affirmed.

/s/ William B. Murphy
/s/ David H. Sawyer
/s/ Jane M. Beckering

---

[4] We do note that there is a distinction between "proportionality" as it relates to the constitutional protection against cruel or unusual punishment, with such proportionality being presumed when a sentence is within the guidelines range, and "proportionality" as it relates to reasonableness review of a sentence, which is not constitutional in nature. See *People v Bullock*, 440 Mich 15, 34 n 17; 485 NW2d 866 (1992) ("Because the similarity in terminology may create confusion, we note that the *constitutional* concept of 'proportionality' under Const 1963, art 1, § 16 [cruel or unusual punishment prohibition] is distinct from the nonconstitutional 'principle of proportionality' discussed in *People v Milbourn*, 435 Mich 630, 650; 461 NW2d 1 [1990], although the concepts share common roots.").