*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CHRISTOPHER P. LOMBARDO,

UNPUBLISHED
February 29, 2024

Plaintiff-Appellant,

v

No. 364062
Alpena Circuit Court
LC No. 15-006866-DO

DIANA JEAN LOMBARDO,

Defendant-Appellee.

Before: M.J. KELLY, P.J., and JANSEN and GARRETT, JJ.

PER CURIAM.

This divorce litigation between plaintiff, Christopher Lombardo, and defendant, Diana Lombardo, returns after remand for further proceedings concerning awards of spousal support and attorney fees for defendant. This Court ordered the trial court to justify or modify its award of spousal support with sufficient factual findings and to conduct a hearing to determine the reasonableness of services rendered by defendant's attorney. On remand, the trial court failed to make the required findings on the relevant spousal support factors, so we must again vacate the award of spousal support and remand. On the other hand, the trial court's determination of reasonable attorney fees fell within the range of principled outcomes, so we affirm on that issue.

## I. FACTUAL AND PROCEDURAL HISTORY

In the prior appeal, this Court provided the relevant factual background on the parties' relationship, marriage, and divorce:

> The parties met in 2007 and began living together in 2008. Plaintiff was an ear, nose, and throat doctor at all relevant times. Defendant worked as a phlebotomist when she met plaintiff, but left that job shortly thereafter to move with plaintiff to Alpena. The parties were married in November 2013, and plaintiff filed for divorce in November 2015. It is undisputed that the divorce was precipitated by a domestic violence incident, but the details of this incident were heavily disputed with each party alleging that the other was the aggressor.

-1-

Shortly after filing for divorce, plaintiff was ordered to make monthly spousal support payments of $4,500, but this amount was later reduced to $2,500 when plaintiff lost his job in 2017. In 2018, plaintiff relocated to California, where he found new employment. Defendant obtained a bachelor's degree during the pendency of the divorce, but she had not found employment at the time of the trial. In November 2019, the trial court entered an order resolving numerous pending issues, including spousal support. Plaintiff was ordered to continue paying spousal support until November 2020, for a total of five years, but he stopped making payments in December 2019. Numerous show cause orders were issued against plaintiff during the pendency of the case for failing to cooperate with discovery and violating various pretrial orders. [*Lombardo v Lombardo*, unpublished per curiam opinion of the Court of Appeals, issued July 21, 2022 (Docket No. 356822), p 1 (*Lombardo I*).]

Following a bench trial in November 2020, the trial court declined to revisit spousal support and found that defendant was entitled to $32,605.36 in attorney fees. The March 2021 judgment of divorce ordered plaintiff to pay $40,500 in past due spousal support.[1]

Defendant appealed, challenging the trial court's decision to award spousal support and attorney fees. *Lombardo I*, unpub op at 2. We vacated the award of spousal support, explaining:

The trial court failed to sufficiently articulate its reasoning for ordering spousal support to facilitate appellate review. The trial court simply listed facts that corresponded to some of the relevant factors, but it did not make findings pertaining to whether the facts weighed in favor of or against spousal support, nor did it explain its basis for concluding that the facts warranted additional support. For example, the trial court appears to have considered the length of the marriage. However, while it stated that the parties were married two years, it did not explain how the length of the marriage impacted its analysis. Although we know of no authority suggesting that a trial court cannot order spousal support for a duration longer than the marriage, the court should explain if the circumstances of this case were such that an award for more than double the length of the marriage was warranted. The trial court acknowledged that there is a massive disparity in the parties' earning abilities, but it did not discuss the parties' needs, the parties' health, or the parties' prior standard of living. Moreover, the trial court engaged in no discussion of the marital estate in terms of how the assets were acquired or how they would be distributed. Finally, despite the fact that such a long-term award relative to the length of the marriage likely would be based at least in part on equity grounds, the trial court did not discuss any such grounds. The trial court thus failed to "make specific factual findings regarding the factors that are relevant to" this case. *Myland* [*v Myland*], 290 Mich App [691, 695; 804 NW2d 124 (2010)]

---

[1] The November 2019 spousal support order was issued by Judge Michael Mack. The case was then reassigned to Judge Edward Black, who presided over the bench trial, entered the judgment of divorce, and handled all proceedings on remand.

(quotation marks and citation omitted). Therefore, we remand to that court for further proceedings to either justify or modify its award of spousal support with sufficient factual findings. [*Id*. at 3.]

As for attorney fees, we affirmed the trial court's order to the extent that it held that attorney fees were appropriate. *Id*. The massive income disparity between plaintiff and defendant supported the trial court's finding that "defendant was unable to bear the expense of the action while plaintiff was able to pay her fees . . . ." *Id*. at 4. But we vacated the specific amount of the award of attorney fees, explaining that because plaintiff contested the award, "the trial court was obligated to conduct a hearing to determine the services rendered and the reasonableness of the services." *Id*. The case was therefore remanded for additional proceedings concerning the awards.

At a hearing on remand, the trial court expressed uncertainty about complying with this Court's opinion because it had "no idea why [Judge Mack] ordered" spousal support. Ultimately, the trial court issued an opinion attempting to justify the five-year award of spousal support:

> While it is impossible to ascertain exactly what Judge Mack thought as there is no oral records [sic] of his findings, it is clear from a review of the register of actions and the transcripts available, that Judge Mack viewed the marriage as not just being two years, but a nine year relationship. This relationship required Defendant to relocate and leave her home to live with Plaintiff in Alpena. The breakup of the marriage involved an instance of domestic violence and Defendant was largely financially reliant on Plaintiff due to the parties' income disparity and financial situation. This fault when coupled with Plaintiff's repeated discovery violations, the fact he was held in contempt, and his failure to truthfully disclose his employment status appear to have caused Judge Mack to weigh the factors considered for support and more clearly set forth in his November 8, 2019 Order in favor of spousal support.

The trial court also allowed plaintiff to contest the reasonableness of services rendered by defendant's attorney at the hearing on remand. Plaintiff declined to contest any particular services or incurred charges in defendant's bill of costs; he instead argued that the disparity in fees incurred by the parties established the unreasonableness of defendant's request. The trial court granted reasonable attorney fees in the same amount previously ordered of $32,605.26.[2] The court explained that this amount was "based on the degree of litigation and the need to validate and double check any and everything the Plaintiff stated." The court also noted that the ordered amount was less than the amount requested by defendant, which reflected the court's belief that defendant, not just plaintiff, was partly responsible for extending this litigation.

Plaintiff moved for reconsideration. Among several requests, plaintiff asked the trial court to "[m]ake specific factual findings on the [spousal support] factors that are relevant to this case

---

[2] The trial court has already authorized $24,302.63 in funds garnished from plaintiff to be released to defendant as payment for attorney fees.

as required by the Court of Appeals remand to the trial court." The trial court denied the motion for reconsideration, and this appeal followed.

## II. SPOUSAL SUPPORT

Plaintiff argues that the trial court failed to adequately address the spousal support factors as required by this Court on remand. Properly considered, plaintiff contends that the award of five years of spousal support for a two-year marriage was inequitable.

"A trial court's award of spousal support is reviewed for an abuse of discretion, but any underlying factual findings are reviewed for clear error, and the award must be affirmed unless this Court is firmly convinced that it was inequitable." *Andrusz v Andrusz*, 320 Mich App 445, 452; 904 NW2d 636 (2017). "An abuse of discretion occurs when the trial court's decision falls outside the range of reasonable and principled outcomes." *Loutts v Loutts*, 298 Mich App 21, 26; 826 NW2d 152 (2012) (cleaned up). And "[a] finding is clearly erroneous if, after reviewing the entire record, we are left with the definite and firm conviction that a mistake was made." *Id*. Furthermore, "[w]hether a trial court followed an appellate court's ruling on remand is a question of law that this Court reviews de novo." *Schumacher v Dep't of Natural Resources*, 275 Mich App 121, 127; 737 NW2d 782 (2007). De novo review means that we "give respectful consideration, but no deference," to the trial court's decision. *Wasik v Auto Club Ins Ass'n*, 341 Mich App 691, 695; 992 NW2d 332 (2022).

In divorce litigation, the trial court may award either party spousal support. See MCL 552.23(1). "The object in awarding spousal support is to balance the incomes and needs of the parties so that neither will be impoverished; spousal support is to be based on what is just and reasonable under the circumstances of the case." *Berger v Berger*, 277 Mich App 700, 726; 747 NW2d 336 (2008). Determining what is just and reasonable depends not on a "strict formula" but on several fact-specific circumstances. *Butler v Simmons-Butler*, 308 Mich App 195, 223; 863 NW2d 677 (2014). The trial court should consider the following factors:

> (1) the past relations and conduct of the parties, (2) the length of the marriage, (3) the abilities of the parties to work, (4) the source and amount of property awarded to the parties, (5) the parties' ages, (6) the abilities of the parties to pay alimony, (7) the present situation of the parties, (8) the needs of the parties, (9) the parties' health, (10) the prior standard of living of the parties and whether either is responsible for the support of others, (11) contributions of the parties to the joint estate, (12) a party's fault in causing the divorce, (13) the effect of cohabitation on a party's financial status, and (14) general principles of equity. [*Olson v Olson*, 256 Mich App 619, 631; 671 NW2d 64 (2003).]

"Factual findings regarding the relevant factors are necessary." *Butler*, 308 Mich App at 223, citing *Myland*, 290 Mich App at 695.

On remand, the trial court legally erred by failing to comply with this Court's instructions. See *Glenn v TPI Petroleum, Inc*, 305 Mich App 698, 706; 854 NW2d 509 (2014) ("It is the duty of the lower court or tribunal, on remand, to comply strictly with the mandate of the appellate court.") (cleaned up). The trial court's opinion again "listed facts that corresponded to some of

the relevant factors" but did not explain how those facts justified the five-year award of spousal support. *Lombardo I*, unpub op at 3. The trial court also failed to make adequate findings on several relevant factors, including, but not limited to, the parties' ability to work, their past relations and conduct, their needs, their prior standard of living, and principles of equity. See *Olson*, 256 Mich App at 631; *Butler*, 308 Mich App at 223. Accordingly, we must again vacate the award of spousal support.[3] On a second remand, the trial court must articulate its findings on *all* relevant spousal support factors and explain whether those factors justify the current five-year award or warrant modification of the award.[4]

Although the factual record is insufficient for our review, plaintiff makes one purely legal argument that warrants further discussion. Citing *Korth v Korth*, 256 Mich App 286; 662 NW2d 111 (2003), plaintiff contends that a trial court "may not consider prior periods of cohabitation to justify an award of spousal support as it is clearly against the public policy of this State." *Korth* involved a 10-year marriage, a 23-year relationship, and a 15-year award of spousal support to the plaintiff. *Id*. at 289. In addressing the defendant's argument that the "the trial court improperly treated the ten-year marriage as a twenty-three-year marriage," this Court explained:

> In awarding spousal support, the trial court indicated that the marriage had lasted ten years, but appeared to rely on the fact that the parties had been a couple for twenty-three years in awarding plaintiff $420 a month in spousal support for fifteen years, or until plaintiff remarries. Although the past relations and conduct of the parties is one factor the trial court may consider in determining whether to award spousal support, Michigan has a strong public policy supporting the institution of marriage. This policy was undermined by the trial court's holding in the present case. The trial court was required to limit its consideration to the length of the marriage, not the length of the relationship, in awarding spousal support. [*Id*. at 289-290 (cleaned up).]

Under *Korth*, in determining the length of spousal support, the trial court should not use the length of the relationship as a barometer. The trial court's opinion clashed with *Korth* when it stated that "Judge Mack viewed the marriage as not just being two years, but a nine year relationship." See

---

[3] We appreciate that the trial court on remand believed it had to essentially guess why Judge Mack ordered five years of spousal support. To clarify, neither *Lombardo I* nor this opinion prevents the trial court from making new findings based on the record evidence to justify or modify the award.

[4] In their briefs on appeal, the parties have presented arguments about how the evidence affects the various spousal support factors. We recommend that the parties make these arguments to the trial court on remand to facilitate the trial court's findings of fact and further appellate review. Furthermore, at oral argument, plaintiff's counsel represented to this Court that plaintiff only seeks reversal as to the one additional year of spousal support ordered in November 2019. Therefore, if the trial court believes modification of the spousal support award is appropriate, modification should go no further than the scope of plaintiff's request.

*id*. at 290. On remand, the trial court should not rely on the length of the parties' relationship as a basis for a longer award of spousal support.[5]

## III. ATTORNEY FEES

Plaintiff also requests that we set aside the award of attorney fees because the amount ordered by the trial court was unreasonable.

We review "a trial court's decision regarding whether to award attorney fees in a divorce action for an abuse of discretion." *Colen v Colen*, 331 Mich App 295, 300; 952 NW2d 558 (2020). "The trial court's factual findings underlying an award of attorney fees are reviewed for clear error." *Id*. We previously held that the trial court's findings supported an award of attorney fees for defendant under MCR 3.206(D)(2)(a). *Lombardo I*, unpub op at 4. That court rule allows payment of attorney fees when one party "is unable to bear the expense of the action" and "the other party is able to pay." MCR 3.206(D)(2)(a).[6] "When requested attorney fees are contested, it is incumbent on the trial court to conduct a hearing to determine what services were actually rendered, and the reasonableness of those services." *Safdar v Aziz*, 327 Mich App 252, 268; 933 NW2d 708 (2019) (cleaned up).[7]

---

[5] That said, we do not read *Korth* as holding that the length of a spousal support award can *never* exceed the length of a marriage. Our previous statement remains true: "we know of no authority suggesting that a trial court cannot order spousal support for a duration longer than the marriage." *Lombardo I*, unpub op at 3. Because an award of spousal support must be equitable, the trial court on second remand should "explain if the circumstances of this case were such that an award for more than double the length of the marriage was warranted." *Id*.

[6] Plaintiff contends that the trial court made no findings on remand that defendant could not bear the expense of this action under MCR 3.206(D)(2)(a). This argument is misplaced because the trial court did not need to make any such findings. The scope of the remand was limited to the issue of the reasonableness of the specific amount of the award, not whether an award was justified in the first place. See *Int'l Business Machines, Corp v Dep't of Treasury*, 316 Mich App 346, 350; 891 NW2d 880 (2016) ("When an appellate court remands a case with specific instructions, it is improper for a lower court to exceed the scope of the order.") (cleaned up).

[7] In determining reasonable attorney fees, trial courts are generally required to follow the framework from *Smith v Khouri*, 481 Mich 519, 530-531; 751 NW2d 472 (2008) and further refined by *Pirgu v United Servs Auto Ass'n*, 499 Mich 269, 281-282; 884 NW2d 257 (2016). See *Woodman v Dep't of Corrections*, 511 Mich 427, 450-452; ___ NW2d ___ (2023). Assuming without deciding that the *Smith/Pirgu* framework applies to an attorney-fee determination under MCR 3.206(D), plaintiff has not properly presented that issue as a claim of error on appeal. See *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 359090); slip op at 2 ("If a litigant does not raise an issue in the trial court, this Court has no obligation to consider the issue."); *Redmond v Heller*, 332 Mich App 415, 435 n 9; 957 NW2d 357 (2020) (explaining that the appellant has the burden to establish error by the trial court).

On remand, plaintiff's position was that defendant's request for attorney fees was unreasonable because defendant incurred more than double the fees that plaintiff incurred. Plaintiff declined to challenge any specific rendered services. The trial court again awarded $32,605.26, a reduction from the $45,106.26 in attorney fees that defendant claimed she had incurred. The court reasonably considered the "degree of litigation" in its calculus. Because plaintiff had significant assets and financial holdings, defendant's attorney rendered more services as part of the discovery process than plaintiff's counsel. Additionally, as we noted, "[n]umerous show cause orders were issued against plaintiff during the pendency of the case for failing to cooperate with discovery and violating various pretrial orders." *Lombardo I*, unpub op at 1. Moving for these orders required defendant to incur legal expenses.

Plaintiff's argument goes no further than emphasizing the disparity in attorney fees incurred by the parties. But plaintiff fails to acknowledge that the trial court reduced the amount requested in defendant's bill of costs by nearly $13,000. In addition, by disclaiming any challenge to the reasonableness of specific services performed by defendant's counsel, plaintiff has provided no basis by which we could conclude that the trial court's reasonableness determination fell outside the range of reasonable outcomes. We therefore affirm the trial court's award of attorney fees.

Affirmed in part, vacated in part, and remanded for further proceedings consistent with this opinion. We retain jurisdiction.

/s/ Michael J. Kelly
/s/ Kathleen Jansen
/s/ Kristina Robinson Garrett

# Court of Appeals, State of Michigan

# ORDER

CHRISTOPHER P LOMBARDO V DIANA JEAN LOMBARDO

Docket No.      364062

LC No.          15-006866-DO

Michael J. Kelly
Presiding Judge

Kathleen Jansen

Kristina Robinson Garrett
Judges

Pursuant to the opinion issued concurrently with this order, this case is REMANDED for further proceedings consistent with the opinion of this Court.  We retain jurisdiction.

Proceedings on remand in this matter shall commence within 28 days of the Clerk's certification of this order, and they shall be given priority on remand until they are concluded.  As stated in the accompanying opinion, the trial court shall articulate factual findings on all relevant spousal support factors and explain whether those factors justify the current five-year award or warrant modification of the award.  The proceedings on remand are limited to this issue.

The parties shall promptly file with this Court a copy of all papers filed on remand.  Within seven days after entry, appellant shall file with this Court copies of all orders entered on remand.

The transcript of all proceedings on remand shall be prepared and filed within 21 days after completion of the proceedings.

_____
Presiding Judge

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

February 29, 2024
Date

_____
Chief Clerk