*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* PETITION OF HILLSDALE COUNTY
TREASURER FOR FORECLOSURE.

---

HILLSDALE COUNTY TREASURER,

        Petitioner-Appellee,

v

TIMOTHY CARPENTER,

        Claimant-Appellant.

UNPUBLISHED
February 18, 2026
1:25 PM

No. 374804
Hillsdale Circuit Court
LC No. 2020-000345-CZ

---

Before: SWARTZLE, P.J., and MALDONADO and ACKERMAN, JJ.

PER CURIAM.

This case returns to the Court after remand to the trial court. In the first appeal, the Court rejected claimant's arguments pertaining to MCL 211.78t and his late claim to recover surplus funds after foreclosure, and remanded for the trial court to enter judgment consistent with *In re Muskegon Co Treasurer for Foreclosure*, 348 Mich App 678; 20 NW3d 337 (2023). *In re Hillsdale Co Treasurer for Foreclosure*, unpublished opinion of the Court of Appeals, issued December 28, 2023 (Docket Nos. 362826 and 362843) (*Hillsdale Treasurer I*). The trial court on remand dismissed the case, and claimant now appeals that dismissal.

For background, petitioner sold claimant's property at auction to satisfy his tax debt, and claimant untimely filed Form 5743 of his notice of intent to claim an interest in the surplus proceeds pursuant to MCL 211.78t. Claimant moved in the trial court to reopen the foreclosure and receive the surplus funds, and the trial court granted claimant's motion to disburse the remaining proceeds. Petitioner appealed the trial court's decision, and claimant argued in the appeal that the foreclosure notices did not satisfy due process and petitioner's retention of surplus funds was an unconstitutional taking in violation of the state and federal Constitutions.

This Court found that the trial court erred by granting claimant's motion to disburse the remaining proceeds. *Hillsdale Treasurer I*, unpub op at 4. Based on *Muskegon Treasurer*, the

-1-

trial court erred in its interpretation and application of MCL 211.78t, and none of claimant's constitutional arguments convinced this Court otherwise. *Id.* at 5. The Court reversed and remanded "for the trial court to enter judgment consistent with *Muskegon Treasurer*." *Id.* On remand, the trial court held a status conference to enter judgment, and claimant argued that the case should remain open because *Muskegon Treasurer* and the Court did not address two of his arguments. Additionally, claimant argued that intervening caselaw overruled portions of *Muskegon Treasurer* relied upon by this Court. The trial court rejected claimant's arguments and dismissed the case.

On appeal, claimant argues that the trial court erred by entering judgment after remand without addressing several unresolved questions. The Court reviews de novo whether the trial court followed this Court's ruling on remand. *Schumacher v Dep' of Natural Resources*, 275 Mich App 121, 127; 737 NW2d 782 (2007). "When an appellate court remands a case with specific instructions, it is improper for a lower court to exceed the scope of the order." *People v Russell*, 297 Mich App 707, 714; 825 NW2d 623 (2012). "It is the duty of the lower court or tribunal, on remand, to comply strictly with the mandate of the appellate court." *Rodriguez v Gen Motors Corp*, 204 Mich App 509, 514; 516 NW2d 105 (1994). If the case was over once it left the jurisdiction of this Court, then no further substantive litigation, proceedings, or decision-making should occur, and the trial court is "simply to perform the nondiscretionary, ministerial task of entering judgment." *Int'l Business Machines, Corp v Dep't of Treasury,* 316 Mich App 346, 353; 891 NW2d 880 (2016).

Here, the Court mandated that the trial court enter judgment consistent with *Muskegon Treasurer*. The trial court's judgment in *Muskegon Treasurer* that was affirmed on appeal was the denial of the claimants' motions to recover surplus proceeds under MCL 211.78t(4). *Muskegon Treasurer*, 348 Mich App at 683, 686. The Court's mandate in this case was the same as *Muskegon Treasurer*. The trial court was ordered to enter judgment denying claimant's motion to recover surplus funds consistent with *Muskegon Treasurer*, which does not leave room for arguments, including arguments for intervening caselaw and issues already decided in the first appeal. See *Hillsdale Treasurer I*, unpub op at 5 ("None of respondent's constitutional arguments convince us otherwise."). The case was over once it left this Court. See *Int'l Business Machines, Corp*, 316 Mich App at 353. The trial court was simply ordered to enter judgment, and it is not error for the trial court to have done so. Therefore, the trial court's decision is affirmed.

Affirmed.

/s/ Brock A. Swartzle
/s/ Allie Greenleaf Maldonado
/s/ Matthew S. Ackerman