*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* D. BORN FREE, Minor.

UNPUBLISHED
May 14, 2026
10:15 AM

No. 377672
Wayne Circuit Court
Family Division
LC No. 2023-000147-NA

Before: BAZZI, P.J., and BOONSTRA and SWARTZLE, JJ.

PER CURIAM.

Respondent previously appealed the order terminating his parental rights to his child; this Court remanded the case to the trial court to readdress the best interests of the child, specifically the child's placement with a relative. *In re D Born Free Minor*, unpublished per curiam opinion of the Court of Appeals, issued August 25, 2025 (Docket No. 373198), p 11. The trial court on remand found that termination of respondent's parental rights was in the child's best interests, despite the child's placement with his mother. Respondent now appeals the order terminating his parental rights for the second time, arguing that the trial court erred in finding statutory grounds for termination and that termination was in the child's best interests. We affirm the trial court's decision on termination.

This case began when Child Protective Services investigated allegations that respondent sexually abused a six-year-old girl who was not his child. Respondent lived with the mother of his child and the mother's children from a previous relationship until the alleged incident. The child's mother reported witnessing respondent's hand underneath her six-year-old daughter's blanket, near the girl's genital area. After petitioner filed a permanent custody petition requesting an order terminating respondent's parental rights to the child, the trial court authorized the petition, ordered the child to be placed with the child's mother, and ultimately terminated respondent's parental rights.

Respondent appealed, and this Court "affirm[ed] the portion of the trial court's order determining that at least one statutory ground supported termination, but vacate[d] the court's best-interest analysis and remand[ed] for further consideration of that issue." *D Born Free Minor*,

unpub op at 1. This Court found that the trial court did not clearly err in its determination that there were statutory grounds to terminate respondent's parental rights under MCL 712.19b(3)(b)(*i*), given the clear and convincing evidence of respondent's sexual abuse of a child and the reasonable likelihood of harm if the child in this case was placed in respondent's home. *Id.* at 9. But because the trial court failed to consider explicitly the child's placement with his mother in its best-interest determination, the error required reversal and remand for reconsideration of best interests. *Id.* at 11.

On remand, the trial court held another best-interests hearing and issued an order terminating respondent's parental rights. Although the trial court considered the child's placement with his mother, it found that termination was in the child's best interests. The trial court considered the caseworker's testimony, including her opinion that a custody order would not be sufficient to safeguard the child, and the original clinical report, which noted that respondent failed to acknowledge the events that led to this case. Given the trial court's finding of clear and convincing evidence of sexual abuse under MCL 712a.19b(3)(k)(*ii*) and (*ix*), the trial court determined that it was "not in the child's best interest to be forced to have a parent-child relationship with a man who has been found to be sexually abusive of another child."

Respondent now appeals for a second time.

In this appeal, respondent argues that the trial court erred in finding termination of his parental rights was in the child's best interests. The Court reviews for clear error the trial court's decision on best interests. *In re Sanborn*, 337 Mich App 252, 276; 976 NW2d 44 (2021). The trial court committed clear error if we, while giving regard to the trial court's special opportunity to observe the witnesses, have a definite and firm conviction that a mistake has been made. *In re Miller*, 347 Mich App 420, 425; 15 NW3d 287 (2023).

While considering the entire record to determine whether termination is in the child's best interests, *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014), the trial court may consider a variety of factors, including the following: the parent's parenting ability; history of domestic violence; compliance with his case service plan; visitation history; and bond with the child, as well as the child's well-being and need for permanency, stability, and finality, *In re Pederson*, 331 Mich App 445, 476; 951 NW2d 704 (2020). In addition to permissible factors, the trial court must consider the child's placement with relatives in its best-interests determination. *In re Gonzales/Martinez*, 310 Mich App 426, 434; 871 NW2d 868 (2015). Although relative placement generally weighs against termination, the trial court may terminate parental rights if it finds termination is in the child's best interests, even if the child is placed with a relative. *In re Olive/Metts Minors*, 297 Mich App 35, 43; 823 NW2d 144 (2012). The focus of the analysis when making a best-interests determination is always on the child, rather than the parent. *In re Moss*, 301 Mich App 76, 87; 836 NW2d 182 (2013).

When making its best-interests determination on remand, the trial court did not clearly err when finding that termination was in the child's best interests. In its decision, the trial court weighed the evidence, including the caseworker's testimony and the original clinical report. The trial court recognized that the child may be harmed by "forced" parenting time with respondent, who the trial court found to have sexually abused the child's half-sibling by clear and convincing evidence. Although the allegations did not claim that the child in this case was sexually abused,

"[t]he doctrine of anticipatory neglect recognizes that how a parent treats one child is certainly probative of how that parent may treat other children." *In re KV*, ___ Mich App ___, ___; ___ NW3d ___ (2025) (Docket No. 374236) (cleaned up); slip op at 7. The trial court did not err when it weighed the factors and considered the child, the placement with his mother, and the possible harm of a relationship with respondent based on the clear and convincing evidence of respondent's sexual abuse. Therefore, the trial court did not clearly err when it ultimately found that termination was in the child's best interests.

Respondent also argues in this appeal that there was insufficient evidence to terminate his parental rights on statutory grounds. This issue is not, however, properly before the Court because of the scope of the remand and the law-of-the case doctrine. When this Court remands a case with specific instructions, it is then improper for the trial court, and therefore the Court in a subsequent appeal, to exceed the scope of the remand order. *Int'l Business Machines, Corp v Dep't of Treasury*, 316 Mich App 346, 350; 891 NW2d 880 (2016). Further, if this Court resolves an issue but remands to the trial court for other reasons, the issue previously decided "will not be decided differently in a subsequent appeal in the same case if the facts remain materially the same." *In re Petition by Wayne Co Treasurer for Foreclosure of Certain Lands for Unpaid Property Taxes*, 265 Mich App 285, 297; 698 NW2d 879 (2005).

This Court, in respondent's previous appeal, affirmed the trial court's decision relating to statutory grounds for termination and remanded the case only for reconsideration of best interests. *D Born Free Minor*, unpub op at 1, 9, 11. Therefore, a challenge to statutory grounds is not properly before the Court. Because the trial court did not clearly err with the issue properly before the Court—the trial court's decision that termination of respondent's parental rights was in the child's best interests—the trial court did not err when it terminated respondent's parental rights.

Affirmed.

/s/ Mariam S. Bazzi
/s/ Mark T. Boonstra
/s/ Brock A. Swartzle